COOPERATIVES OF CHARLESNEWTOWN HOUSING, INC., *vs.* DRURY SQUARE CONTRACTORS, INC., & others.  September 29, 1980.  This is an action challenging the legal effect of the limitations period provision of a construction bond.  The plaintiff appeals from the entry of a partial summary judgment dismissing its complaint with respect to Fidelity and Deposit Company of Maryland (Fidelity), the surety of Drury Square Contractors, Inc. (Drury).  (The instant action is properly before us, as the express determination required by Mass.R.Civ.P. 54(b), 365 Mass. 821 [1974], appears on the record.)

The record indicates that between April, 1969, and June, 1971, Drury entered into an agreement with the plaintiff's predecessor in interest to construct a federally-funded housing development.  The project was bonded by Fidelity.  The bond provided in pertinent part: "3. No suit, action, or proceeding by reason of any default . . . shall be brought on this bond after *two years* from the day on which final payment under the Contract falls due" (emphasis supplied).

The construction contract provided that the contractor was to correct any defects due to faulty materials or workmanship which appeared within one year from the date of completion of the project.  (There is a question as to when the project was actually completed.  According to the defendant's brief, construction was completed September 10, 1971, but this date did not take into consideration items of delayed completion, which, from all that appears, were not completed until August 22, 1972. In any event, the parties have stipulated "[f]or purposes of this appeal" that "'the day on which final payment under the Contract fell due' was September 1, 1972.")  On or about August 25, 1972, the plaintiff purchased the housing project.  At the time of the purchase, Fidelity executed an amendment to the bond substituting the plaintiff as the new obligee and adding a provision that "3. The Bond is to be considered a Latent Defects Bond and is to remain in effect to August 31, 1973."

The plaintiff commenced this action on February 7, 1975.  A judge of the Superior Court allowed Fidelity's motion for summary judgment.

The narrow question presented on appeal is whether the endorsement to the construction performance bond extending the "effect" of the bond to August 31, 1973, extended the two-year limitations provision of the original bond to a period beyond September, 1974.  The plaintiff argues that the effect of the amended provision was to extend the period of the running of the limitations provision to August 31, 1975, whereas the defendant claims that it was merely to extend the period of the surety's obligation for latent defects from September 10, 1972, to August 31, 1973.

We conclude that the endorsement did not extend or modify the two-year limitations period, as the two provisions are independent.  Cf. *Newton Housing Authy.* v. *Cumberland Constr. Co.*, 5 Mass. App. Ct. 1, 5-7 (1977).

Accordingly, the judge correctly dismissed the action against Fidelity because it had been brought (as all agreed) "after two years from the day on which final payment under the Contract fell due."

The fraud issue was waived at oral argument, and, in any event, it is without merit.

*Judgment affirmed.*

*Willard J. Stievater* for the plaintiff.

*Avram G. Hammer (Samuel H. Cohen* with him) for the Fidelity and Deposit Company of Maryland.